UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOECEPHUS MELTON
AND DEBRA MELTON

CIVIL ACTION

VERSUS

NO. 17-473-JWD-EWD

ROOSEVELT TONEY, II, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 5, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOECEPHUS MELTON
AND DEBRA MELTON

CIVIL ACTION

VERSUS

NO. 17-473-JWD-EWD

ROOSEVELT TONEY, II, ET AL.

## **REPORT AND RECOMMENDATION**

Before the court is a Motion to Remand[1] filed by plaintiffs, Joecephus Melton and Debra Melton ("Plaintiffs"). Various defendants have filed oppositions,[2] and Plaintiffs have filed a Reply.[3] For the reasons set forth herein, the undersigned RECOMMENDS[4] that the Motion to Remand be GRANTED and that this suit be remanded to 19th Judicial District Court for the State of Louisiana.

### I.  Background

Plaintiffs filed a Petition for Damages (the "Petition") against: (1) Roosevelt Toney II ("Toney"); (2) Chohan Express, Inc. ("Chohan Express"); (3) Ranvir Singh d/b/a Young's Transport Inc. ("Singh"); (4) United Financial Casualty Company ("United Financial"); (5) United Specialty Insurance Company ("United Specialty"); (6) Francis Hancock ("Hancock"); (7) Jones Transportation, Inc. ("Jones Transportation"); (8) The Insurance Company of the State of Pennsylvania ("ICSP"); (9) American International Group, Inc. ("AIG"); (10) State Farm Mutual

---

[1] R. Doc. 18.

[2] R. Doc. 21 (Memorandum in Opposition to Motion to Remand filed by American International Group, Inc.; Insurance Company of the State of Pennsylvania; and Jones Transportation, Inc.); R. Doc. 24 (Memorandum in Opposition to Plaintiffs' Motion to Remand filed by United Specialty Insurance Company and Roosevelt Toney, II); R. Doc. 27 (Memorandum in Opposition to Motion to Remand filed by State Farm Mutual Automobile Insurance Company).

[3] R. Doc. 35.

[4] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016).

Automobile Insurance Company ("State Farm"); and (11) Safeway Insurance Company of Louisiana ("Safeway").[5] Per the Petition, Plaintiffs allege that on August 31, 2016, they were involved in "a catastrophic vehicle wreck"[6] and sustained "severe injuries including, but not limited to, brain injuries, broken vertebrae, collapsed lung, injuries necessitating ventilators and a colostomy bag, [and] injuries necessitating long-term hospital stays."[7]

Plaintiffs allege that on the date of the accident, Toney was driving a semi-truck in the course and scope of his employment with Chohan Express and/or Singh[8] and that Hancock was driving a semi-truck in the course and scope of his employment with Jones Transportation.[9] Plaintiffs allege that

> Toney and Hancock were driving their vehicles through a work zone on I-20 in Webster Parish, Louisiana. A line of cars stopped or slowed due to traffic conditions. Toney and Hancock, however, failed to slow down and plowed into the line of cars while driving approximately 70 mph. The driver of the rear vehicle was killed. Toney crashed into Plaintiffs. As their car was pushed off the side of the road, Hancock crashed into them again. Upon information and belief, vehicles driven by Charlie Grice and/or Roshana Crow then crashed into Plaintiffs again.[10]

In addition to naming Toney, Chohan Express, Singh, Hancock, and Jones Transportation, Plaintiffs also named these parties' alleged liability insurers – United Financial, United Specialty, ICSP, and AIG – as defendants pursuant to the Louisiana Direct Action Statute, LA R.S. §

---

[5] R. Doc. 1-2, ¶¶ IV-XIV.

[6] R. Doc. 1-2, ¶ XV.

[7] R. Doc. 1-2, ¶ XVIII.

[8] R. Doc. 1-2, ¶ XVI.

[9] R. Doc. 1-2, ¶ XVII.

[10] R. Doc. 1-2, ¶ XVIII.

22:1269.[11]  Additionally, although Plaintiffs did not name Charlie Grice ("Grice") or Roshana Crow ("Crow") as defendants, Plaintiffs named Grice's alleged liability insurer, State Farm, and Crow's alleged liability insurer, Safeway, and asserted claims against both State Farm and Safeway pursuant to § 22:1269.[12]

On July 24, 2017, United Specialty and Toney (the "Removing Defendants") filed a Notice of Removal asserting this court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[13]  The Removing Defendants allege that Plaintiffs are completely diverse from Chohan Express, Singh, United Specialty, Hancock, Jones Transportation, ICSP, and American.[14]  With respect to Safeway, the Removing Defendants allege that Safeway "is a Louisiana corporation with its principal place of business in Louisiana."[15]  Additionally, both the Plaintiffs and Removing

---

[11] R. Doc. 1-2, ¶¶ XX (alleging United Financial to be the liability insurer of Chohan Express and/or Toney); XXI (alleging United Specialty to be the liability insurer of Singh); XXII (alleging ICSP and/or AIG to be the liability insurer of Hancock and/or Jones Transportation).

[12] R. Doc. 1-2, ¶¶ XXIII ("At all material times, State Farm Mutual Automobile Insurance Company had a valid policy, contract, and/or agreement of liability insurance in effect under which it obligated itself to pay for the negligent acts and/or omissions of Charlie Grice (who is not joined as a party-defendant), thereby rendering it liable for the damages sought in this Petition and allowing Plaintiffs to assert their claims directly against State Farm Mutual Automobile Insurance Company pursuant to the Louisiana Direct Action Statute."); XXIV ("At all material times, Safeway Insurance Company of Louisiana had a valid policy, contract, and/or agreement of liability insurance in effect under which it obligated itself to pay for the negligent acts and/or omissions of Roshona Crow (who is not joined as a party-defendant), thereby rendering it liable for the damages sought in this Petition and allowing Plaintiffs to assert their claims directly against Safeway Insurance Company of Louisiana pursuant to the Louisiana Direct Action Statute.").

[13] R. Doc. 1.

[14] R. Doc. 1, ¶ 7.  Plaintiffs allege they are citizens of Louisiana.  The Removing Defendants allege that Toney is a citizen of California, Chohan Express is a California corporation with its principal place of business in California, Singh is a citizen of California, United Specialty is a Delaware corporation with its principal place of business in California, Hancock is a citizen of Alabama, Jones Transportation is a Georgia corporation with its principal place of business in Georgia, ICSP is an Illinois corporation with its principal place of business in New York, and American is an Illinois corporation with its principal place of business in New York. R. Doc. 1, ¶ 7.  A review of the state court record indicates that United Financial was voluntarily dismissed by Plaintiffs on February 22, 2017. R. Doc. 1-2.  The citizenship of United Financial need not be considered when determining whether this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  *See*, *Johnson v. Winn-Dixie Market Place, #1559*, Civil Action No. 16-1561, 2016 WL 8716901, at * 1 (W.D. La. Dec. 9, 2016) ("The citizenship of a defendant voluntarily dismissed from the suit prior to the removal need not be considered in the diversity calculation since a case becomes removable if the plaintiff voluntary dismisses its claims against a nondiverse defendant.") (citing *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006)).  Accordingly, with the exception of the non-diverse insurer defendants, State Farm and Safeway, the parties to this action appear to be completely diverse.

[15] R. Doc. 1, ¶ 7(l).

Defendants acknowledge that because Plaintiffs did not name Grice or Crow as defendants, State Farm and Safeway are considered citizens of Louisiana.[16] *See*, 28 U.S.C. § 1332(c)(1) ("in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of--(A) every State and foreign state of which the insured is a citizen…."). While the Removing Defendants acknowledge that State Farm and Safeway are not diverse from Plaintiffs, the Removing Defendants contend that the citizenship of State Farm and Safeway should be disregarded because they were improperly joined.[17]

On August 23, 2017, Plaintiffs filed the instant Motion to Remand.[18] Therein, Plaintiffs contend that this matter should be remanded to state court because (1) State Farm and Safeway are properly joined, non-diverse defendants; and (2) the Removing Defendants failed to obtain the written consent of all defendants prior to removing the case.

There is no dispute that ICSP and AIG were properly joined and served at the time the Removing Defendants filed their Notice of Removal. Because the undersigned finds that ICSP and AIG failed to timely file a written consent to the Notice of Removal, it is recommended that the Motion to Remand be granted on that procedural ground, and therefore it is not necessary to reach the question of whether the non-diverse defendants, State Farm and Safeway, were

---

[16] R. Doc. 1-2, ¶¶ XIII ("Defendant State Farm Automobile Insurance Company is a foreign insurer authorized to do business in Louisiana. As the insurer of a Louisiana citizen who is not joined as a party-defendant, Defendant State Farm Mutual Automobile Insurance Company is a citizen of Louisiana."); XIV ("Defendant Safeway Insurance Company of Louisiana is an insurer authorized to do business in Louisiana. It is believed to be a Louisiana citizen. Moreover, as the insurer of a Louisiana citizen who is not joined as a party-defendant, Defendant Safeway Insurance Company of Louisiana is a citizen of Louisiana."). R. Doc. 1, ¶¶ 7(k) ("Pursuant to 28 U.S.C. § 1332(c)(1)(A)…[State Farm] is also considered to be a citizen of the State of Louisiana, the state of Mr. Grice's citizenship."); 7(l) ("Pursuant to 28 U.S.C. § 1332(c)(1)(A)…[Safeway] is also deemed to take on the citizenship of Mr. Crow, which is the State of Louisiana.").

[17] R. Doc. 1, ¶¶ 7(k) & (l).

[18] R. Doc. 18.

improperly joined. *See*, *Allement v. Ameristep Corp.*, Civil Action No. 13-498, 2013 WL 12183655, at * 3 (M.D. La. Dec. 30, 2013) ("Because the Court finds that the removal was procedurally defective in that not all parties joined in the removal or filed a timely written consent in such removal as required, and that amending the notice of removal cannot remedy this defect, it is recommended that the Motion to Remand be granted on that ground. The Court does not address the remaining arguments for remand.").[19]

## II. Law and Analysis

### A. Removal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). In removed actions,

---

[19] In their Motion to Remand, Plaintiffs do not specify which non-removing defendants they contend failed to join in or consent to the Notice of Removal. However, per the Notice of Removal, the Removing Defendants assert that Chohan Express, Singh, Hancock, Jones Transportation, and Safeway had not been served at the time of removal. Plaintiffs do not contest that assertion, leaving only ICSP, AIG, and Safeway as non-removing defendants who allegedly had been served and which "consented" to the removal. *See*, R. Doc. 1, ¶ 9. In opposition to the Motion to Remand, State Farm contends that "State Farm and any other improperly joined defendants are not required to provide written consent for removal." R. Doc. 27, p. 2. *See also*, *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (an improperly joined defendant need not join in or consent to removal). Because the undersigned finds that ICSP and AIG failed to timely file written consents to the removal, it is not necessary to determine whether State Farm also failed to timely file a written consent. Similarly, because the undersigned does not reach the question of whether State Farm and Safeway were improperly joined, the undersigned does not consider the Removing Defendants' alternative request to conduct jurisdictional discovery "should this Court find that further inquiry is needed in order to determine whether the appropriate factual basis exits for the wholly speculative allegations against State Farm and Safeway…." *See*, R. Doc. 24, p. 7.

6

diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court. *Coury v. Prot*, 85 F.3d 244, 248-289 (5th Cir. 1996) (citation omitted).[20] The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). Remand is proper if at any time the court lacks subject matter jurisdiction. *See*, 28 U.S.C. § 1447(c).

### B. ICSP and AIG Failed to Timely File a Consent to Removal

Pursuant to 28 U.S.C. § 1446(b)(1), removal of a case is timely if the notice of removal is filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…." The Fifth Circuit previously followed the first-served defendant rule, under which all defendants needed to join in the removal within thirty days of the date the first defendant was served. *Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1262-1263 (5th Cir. 1988). However, pursuant to a 2011 statutory amendment adopting the last-served defendant rule, 28 U.S.C. § 1446(b)(2)(B) now provides that "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons…to file the notice of removal."

Under 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." As this court recently explained,

> The "rule of unanimity" has been codified in 28 U.S.C. § 1446. *See*, *Penson Fin. Servs., Inc. v. Golden Summit Investors Grp., Ltd.*, No. 12-300, 2012 WL 2680667, at *5 (N.D. Tex. July 5, 2012). "When

---

[20] No party is arguing that there was any change in jurisdictional facts between the filing of the suit in state court and the removal of the case to this court.

7

> a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action to federal court." 28 U.S.C. § 1446(b)(2)(A). "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).

*Baxter v. Anderson*, Civil Action No. 16-142, 2016 WL 3748720, at * 3 (M.D. La. June 21, 2016). To demonstrate defendants' unanimous consent to removal, the Fifth Circuit requires "some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action. Otherwise, there would be nothing on the record to 'bind' the allegedly consenting defendant." *Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1262, n. 11 (5th Cir. 1988).

As explained by this court, "various district court decisions in the Fifth Circuit applying *Getty Oil* have consistently rejected representations from one party that the other parties consent in the removal and have therefore granted a motion to remand." *Allement v. Ameristep Corp.*, Civil Action No. 13-498, 2013 WL 12183655, at * 5 (M.D. La. Dec. 30, 2013) (citing, *inter alia*, *Crowley v. Amica Mut. Ins. Co.*, Civil Action No. 12-775, 2012 WL 3901629, at * 3-4 (E.D. La. Sept. 7, 2012) (explaining that "courts within the Fifth Circuit have construed strictly the requirement for written consent by all of the defendants and overwhelmingly have held that statements on behalf of nonmoving defendants in a notice of removal are insufficient" and further finding that affidavits submitted in opposition to the motion to remand by the non-removing defendants "attesting to their consent" were untimely filed after the 30-day period for removal had ended such that the removal was procedurally improper); *Goldman v. Nationwide Mut. Ins. Co.*, No. 11-1414, 2011 WL 3268853, at *3 (E.D. La. July 28, 2011) (granting motion to remand

because statement in notice of removal that "all other named defendants…consent" did not constitute sufficient written consent from all defendants); *Aucoin v. Gulf South Pipeline Co., LP, Jacob v. Greyhound Lines, Inc.*, Civ. A. 02-2199, 2002 WL 31375612 (E.D. La. Oct. 21, 2002) (notice of removal indicating that co-defendant "does not object to this matter being removed to federal court" was insufficient)).

In their Notice of Removal, the Removing Defendants alleged that ICSP and AIG "ha[d] been served" and that both "consented to the removal."[21] In opposition to the Motion to Remand, the Removing Defendants further assert that "United had written consent of all necessary Defendants to proceed with the removal of this matter."[22] Specifically, the Removing Defendants contend that the written consent of ICSP and AIG "was obtained by undersigned counsel prior to filing the Notice of Removal. The evidence of this written consent was inadvertently omitted from [sic] Notice of Removal, but was clearly obtained and has been further evidenced by the fact that ISCP and AIG filed their own memorandum in opposition to Plaintiffs' Motion to Remand."[23] To "substantiate"[24] ISCP's and AIG's written consent, the Removing Defendants attach a July 6, 2017 email exchange between counsel for the Removing Defendants and counsel for ICSP and AIG wherein the Removing Defendants' counsel states "we intend to file a motion to remove this case to the Western District of La. We believe the naming of State Farm as insurer of Grice and

---

[21] R. Doc. 1, ¶¶ 9(g) & (h).

[22] R. Doc. 24, p. 7.

[23] R. Doc. 24, p. 8. Although ICSP and AIG filed an opposition to the Motion to Remand, that opposition only addresses the issue of improper joinder of State Farm and Safeway; ICSP and AIG do not address whether they timely consented to the removal. R. Doc. 21.

[24] R. Doc. 24, p. 9.

9

Safeway as insurer of Crow was done for the express purpose of defeating diversity jurisdiction."[25]
In response, counsel for ICSP and AIG responded "No objection. Agree on the sham joinder."[26]

As noted above, district courts in this Circuit have consistently found that statements set forth in the Notice of Removal that other parties consent to the removal are insufficient to satisfy the rule of unanimity. Moreover, "[c]ourts have also stressed that '[o]ral consents and email exchanges do not satisfy the requirement that a defendant must timely file evidence of its consent.'" *Allement*, 2013 WL 12183655, at 5, n. 15 (quoting *Grigsby v. Kansas City Southern Railway Co.*, Civil Action No. 12-0776, 2012 WL 3526903, at * 2 (W.D. La. Aug. 13, 2012) and *Mumfrey v. Anco Insulations, Inc.*, Civil Action No. 11-711, 2011 WL 1527180, at * 4 (E.D. La. April 20, 2011) ("[e]mails as proof of consent have not been accepted in other cases as sufficient notice.")). *But see*, *Smith v. National Retail Properties, Inc.*, Civil Action No. 16-222, 2016 WL 3912799, at * 3 (S.D. Tex. July 20, 2016) (finding that email exchange wherein counsel for non-removing defendant responded with statement that defendant was "not opposed" to removal and that removing defendant could "go ahead" was "competent evidence of authority to consent" and that any doubt as to the non-removing defendant's joinder in the removal was eliminated by non-removing defendant's assertion in response to the motion to remand that it timely consented).[27]

---

[25] R. Doc. 24-2. Following the filing of the Removing Defendants' Opposition, the Removing Defendants moved for, and were granted, leave to substitute the email exchange exhibit. R. Doc. 32. Plaintiffs' reply addresses the original exhibit's irrelevance to the question of whether consent was obtained. R. Doc. 35, p. 5 ("Defendants fail [to] supply the Court with an e-mail, letter, or any other type of written consent that was given within the time period required to remove this case. They only supply an e-mail from June 7, 2017 stating that 'Jones Transportation and Francis Hancock' do not object 'to [the] proposed amended interpleader' being filed in a separate case.").

[26] R. Doc. 24-2.

[27] The Removing Defendants rely on *Smith* in opposition to the Motion to Remand. In *Smith*, the district court found that removal was not defeated by "any untimely representation" of the non-removing defendant's consent because the email exchange relied upon by the removing defendant demonstrated that the non-removing defendant had consented prior to removal and because "[a] party is permitted to amend defective jurisdictional allegations under 28 U.S.C. § 1653…." 2016 WL 3912799, at * 2. However, other courts in this Circuit have consistently held that § 1653 cannot be used to cure procedural defects in the removal, and *Smith* provides no authority supporting its seemingly contrary position. *Id*. (citing *Fireman's Ins. Co. of Newark, N.J. v. Robbins Coal Co.*, 288 F.2d 349, 350 (5th Cir. 1961) (party

Even assuming *arguendo* that an email exchange could constitute ICSP's and AIG's written consent to removal, the email correspondence upon which the Removing Defendants rely falls short of actually exhibiting these non-removing defendants consent to removal. *See*, *Mumfrey*, 2011 WL 1527180, at * 2 (noting that email response that counsel for non-removing defendant did not have an "objection" to removal fell short of stating that party "actually joins in the removal of the case.").

Finally, ICSP and AIG were required to *timely* file their written consent to the removal *with the court*. No party contends that ICSP and AIG were not "properly joined and served" at the time the Removing Defendants filed the Notice of Removal on July 24, 2017. Even assuming that the email exchange attached to the Removing Defendants' opposition or ICSP's and AIG's own opposition to the Motion to Remand constituted ICSP's and AIG's written consent to the removal, these filings were made after the thirty day period.[28] *See*, *Grand Texas Homes, Inc. v. American Safety Indem. Co.*, No. 12–1773, 2012 WL 5355958, at *3 (N.D. Tex. Oct. 30, 2012) ("in order to satisfy the Fifth Circuit's demanding interpretation of § 1446(b)(2)(A), defendants must submit their consent *to the court* within thirty days of being served."). "Once the thirty day period has expired, however, the notice of removal cannot be amended in order to cure a defect in the removal procedure." *Battley v. National Specialty Ins. Co.*, Civil Action No. 13-447, 2014 WL 972066, at * 4 (M.D. La. March 12, 2014) (collecting cases). *See also*, *Aucoin v. Gulf South Pipeline Co., L.P.*, Civ. A. 04-824, Civ. A. 04-879, 2004 WL 1196980, at 2 (E.D. La. May 26, 2004) (explaining that while a removal petition may be freely amended within the thirty day period of 28 U.S.C. §

---

could amend jurisdictional allegations regarding citizenship set forth in the notice of removal pursuant to § 1653)). It appears the weight of the jurisprudence on this issue is contrary to *Smith*.

[28] United Specialty and Toney did not file anything into the record that was even arguably evidence of ICSP's and AIG's consent until September 1, 2017. R. Doc. 24-2.

1446, "[t]he only avenue available for amendment after the thirty days has run is 28 U.S.C. § 1653" which, "by its terms, may only be utilized to cure defective allegations of jurisdiction" and "may not be used to amend 'a substantial defect in removal proceedings,' such as the failure to obtain the consent of a co-defendant.") (internal citations omitted); *Alford v. Chevron U.S.A., Inc.*, Civil Action No. 13-5457, 2014 WL 37600, at 6 (E.D. La. Jan 6, 2014) ("Section 1653 may not be used to cure procedural defects of the removal, such as the failure to obtain the consent of a codefendant or the failure to explain why such consent was unnecessary."). Because no written consent to the removal was timely filed by ICSP or AIG, and because such consent cannot be filed outside of the thirty day time period, Plaintiffs have raised a procedural defect that requires remand. *See*, *Grand Texas*, 2012 WL 5355958, at * 3 ("Failure to join in removal is a procedural defect that cannot be cured by untimely notice of consent" and cannot be remedied after the thirty-day period has ended); *Grigsby*, 2012 WL 3526903, at * 3 ("District courts have no power to overlook procedural errors related to the notice of removal; instead, a district court must remand a case which was removed pursuant to a procedurally defective notice.").[29]

---

[29] "Courts have recognized that this 'formalistic approach can lead to harsh and sometimes unpalatable results'; even still, remand is required." *Day v. Danny*, Civil Action No. 15-832, 2016 WL 1033536, at * 5 (M.D. La. Feb. 17, 2016) (citing *Grand Texas*, 2012 WL 5355958, at *3 (the rule of *Getty Oil* "closes the door" to federal court because defendants "have neglected to attach the proper documents to their notice of removal"); *Cornella v. State Farm Fire and Casualty Co.*, No. 10–1169, 2010 WL 2605725, at *3 (E.D. La. June 22, 2010) (recognizing the "harshness" of the *Getty Oil* rule); *Grigsby*, 2012 WL 3526903, at *2 (same)). The *Getty Oil* court stated that "exceptional circumstances" may warrant departure from this rigid rule. *Getty Oil*, 841 F.2d at 1262, n. 12. The Circuit later indicated that such exceptional circumstances might be present when a defendant's lack of consent stemmed from plaintiff's conduct. *See*, *Ortiz v. Young*, 431 Fed. Appx. 306, 307 (5th Cir. 2011) (noting that typically only "plaintiff conduct, and not untimely consent to removal by a defendant" could excuse a tardy removal). The Removing Defendants have not argued that Plaintiffs caused ICSP's or AIG's failure to timely consent.

### III. Conclusion

For the reasons set forth herein, the undersigned **RECOMMENDS** that the Motion to Remand[30] be **GRANTED** and that this matter be remanded to the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.[31]

Signed in Baton Rouge, Louisiana, on December 5, 2017.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[30] R. Doc. 18.

[31] If this recommendation is not adopted, the undersigned recommends referring this matter for a report and recommendation on the improper joinder issue.